```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DEMOS P. DEMOPOULOS, et al.,                                :
                                                            :
                                 Plaintiffs,                :
                                                            :         21-cv-7923 (VSB)
                - against -                                 :
                                                            :              ORDER
                                                            :
ROLLIN DAIRY CORP.,                                         :
                                                            :
                                 Defendant.                 :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"). On February 16, 2022, I held a hearing on Plaintiffs' order to show cause for default judgment. (*See* Doc. 28.) Afterward, I directed Plaintiffs to "submit a letter explaining, with legal authority, why an inquest into damages would be unnecessary in this case." (Doc. 30.) I also directed Plaintiffs to "provide, as exhibits, any available documentation supporting the calculation of each element of damages, and in particular, any documentation supporting Plaintiffs' calculation of the present value of Defendant's withdrawal liability." (*Id.*) Plaintiffs have submitted such a letter, with exhibits. (Doc. 32.) During the hearing, I said I intended to grant Plaintiffs' request for a default judgment as to liability; however, Plaintiffs' letter raises at least one issue concerning liability. For the following reasons, I am referring Plaintiffs' motion for default judgment on liability and damages to Magistrate Judge Jennifer Willis for a report and recommendation.

      "On a motion for default judgment, a plaintiff must prove damages with reasonable

certainty." *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 477 (E.D.N.Y. 2021) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District judges are afforded "much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (citing Fed R. Civ. P. 55(b)(2)). However, simply "accept[ing]" a plaintiff's "statement of the damages" will not "satisfy the court's obligation to ensure that the damages were appropriate." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiffs have provided legal authority to support their argument that "under ERISA, an Employer waives its right to contest the amount of its assessed withdrawal liability when it fails to timely initiate arbitration upon receiving notice, and therefore no inquest is necessary into the computation of the amount of the withdrawal liability." (*See* Doc. 32, at 3–4 (citing, *e.g.*, *Finkel v. Captre Elec. Supply Co. Inc.*, No. 14-CV-3584 RJD JO, 2015 WL 5316257, at *4 (E.D.N.Y. July 31, 2015), *report and recommendation adopted*, No. 14-CV-3584 RJD JO, 2015 WL 5330388 (E.D.N.Y. Sept. 11, 2015)). I am not questioning that the Defendant could not challenge the amount of withdrawal liability; however, that does not relieve Plaintiffs of the responsibility to demonstrate adequate notice and damages, and on the record before me they have not done so. Therefore, I am exercising my discretion to refer this matter for a report and recommendation on the issue related to the notice described below and an inquest.

First, with regard to notice, Plaintiffs have acknowledged that their notice to Defendant and original pleadings contained an error. (Doc. 32, at 4.) Specifically, "The Fund's letter giving Defendant notice of its withdrawal liability mistakenly stated that Defendant had withdrawn from the Fund in the plan year ending March 31, 2020. In fact, Defendant withdrew

from the Fund in the plan year ending March 31, 2021." (*Id.*)  Plaintiffs argue that "this error in the Fund's letter was of no consequence to the computation and assessment of Defendant's withdrawal liability." (*Id.*)  However, since an employer's withdrawal liability under ERISA is dependent upon receiving notice from the plan, *see* 29 U.S.C. § 1399; *see also Finkel*, 2015 WL 5316257, at *4; I refer to Judge Willis the question of whether, or under what circumstances, a defect in the notice vitiates the employer's liability under ERISA or whether such defect requires modification of the notice, or some other remedy.

      Second, with regard to damages, although Plaintiffs have now provided the Fund Actuary's Report on the computation of Rollin Dairy Corp.'s withdrawal liability, the requested withdrawal liability damages figure—$2,631,595.00—does not appear in the report.  *Compare* Doc. 32-4 (statement of damages indicating the amount of "Unpaid Withdrawal Liability") *with* Doc. 32-5 (Fund Actuary's Report).  Although theoretically, the withdrawal liability can be made certain by mathematical computation, on the current record I cannot satisfy my own obligation to ensure the damages are appropriate.  *See, e.g.*, *Trustees of Loc. 210 Unity Pension Fund v. Country Cadillac, Buick, Pontiac & GMC Truck, LLC*, No. 10-CV-788 JS AKT, 2011 WL 477699, at *2 (E.D.N.Y. Jan. 31, 2011) (finding that Plaintiffs had "not sufficiently proved their damages" on a motion for default judgment under ERISA); *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F. Supp. 2d 45, 51 (D.D.C. 2010) (denying, without prejudice, plaintiffs' requests for damages under ERISA in part because "[n]either the complaint nor the affidavit attached to the instant motion . . . details the calculations on which the plaintiffs based their estimate").

      Accordingly, Plaintiffs' motion for default judgment is referred to Magistrate Judge Willis to determine whether Plaintiffs are entitled to judgment, and if so, for an inquest on the

amount of damages owed to Plaintiffs.

Plaintiffs are directed to serve this order on Defendant via first-class mail to 24 Barkers Lane, Huntington Station, NY 11746, or by any alternative method previously approved by the Court in this case, and to file an affidavit of such service on or before March 31, 2022.

SO ORDERED.

Dated:    March 25, 2022
         New York, New York

Vernon S. Broderick
United States District Judge