```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :   21cv7923 (DLC)
DEMOS P. DEMOPOULOS et al.,            :
                                       :
                    Plaintiffs,        :   MEMORANDUM
                                       :   OPINION AND ORDER
              -v-                      :
                                       :
ROLLIN DAIRY CORP.,                    :
                    Defendant.         :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On December 8, 2021, the plaintiffs filed an application for an order to show cause why the defendant should not have a default judgment entered against it. On March 25, 2022, the Honorable Vernon S. Broderick referred the plaintiffs' motion for default judgment to Magistrate Judge Jennifer E. Willis to determine whether the plaintiffs are entitled to judgment and, if so, to hold an inquest on the amount of damages owed to the plaintiffs. Specifically, Judge Broderick referred to Magistrate Judge Willis the question of the adequacy of notice given to the defendant of its withdrawal liability. This case was reassigned to this Court on August 17.

On February 7, 2023, Magistrate Judge Willis issued her Report and Recommendation ("Report"). Neither party has submitted objections to the Report. For the following reasons,

the Report's recommendations are adopted with some modification, and judgment is entered against the defendant.

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Philpot v. Music Times LLC, No. 16cv1277, 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017) (citation omitted).

The plaintiffs are trustees and fiduciaries of the Local 584 Pension Trust Fund (the "Fund"), an employee benefit fund. The trustees filed a complaint on September 22, 2021 seeking to enforce the defendant's obligation to pay its withdrawal liability under the Employee Retirement Income Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). The trustees allege that the defendant effected a complete withdrawal from the Fund during the fiscal year ending on March 31, 2021, and has failed to make any withdrawal liability payments.

As relevant here, on February 16, 2021, the trustees sent a demand letter ("Demand Letter") to the defendant for the payment of its withdrawal liability and set a payment schedule with a first payment due on April 1, 2021. The defendant failed to make any payments. After notifying the defendant of its failure

to make its withdrawal liability payments, the trustees brought this action. Both the Demand Letter and the complaint contain a typographical error: the Demand Letter and complaint state that the defendant effected a complete withdrawal during the fiscal year ended March 31, 2020, rather than March 31, 2021.

The Report makes the following recommendations. First, the Report correctly recommends finding that the notice provided to the defendant is sufficient despite the typographical errors in the Demand Letter and the complaint. The Report correctly noted that ERISA does not require the withdrawing employer to be made aware of the period in which they have withdrawn and that precluding the trustees from recovery due to a typographical error would be contrary to ERISA's statutory scheme of "pay-first-question-later." Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 263 (2d Cir. 1990). Therefore, the Report correctly finds that the defendant is liable under ERISA.

The Report makes four recommendations as to damages to be recovered for the trustees' claims. First, the Report correctly applied the rule that if an employer defaults on its obligation to make withdrawal liability payments, a plan sponsor may demand from the defaulting employer an immediate payment of the outstanding amount of its withdrawal liability and the accrued interest. 29 U.S.C. § 1399(c)(5). Therefore, the Report

correctly recommended an award of $2,631,595.00, which constitutes the defendant's withdrawal liability.

Second, the Report correctly recommends that the trustees are entitled to all the required statutory damages pursuant to 29 U.S.C. § 1132(g)(2).  Pursuant to 29 U.S.C. § 1132(g)(2)(B), the Report awarded $552,634.95 in interest on the withdrawal liability, which constitutes the agreed-upon 1.5% per month interest in the event of an employer withdrawal default from April 1, 2021 (the date of the first missed payment) through May 31, 2022.  The per diem interest is $1,297.77 per day.  The Report does not include in its calculation interest that has accrued between June 1, 2022 and the date of the Report nor the interest that has accrued from the date of the Report and this Opinion.  Extending the calculation of interest in the Report to include the 274 days that have since elapsed adds a further $355,588.98.  Therefore, the total interest for the period starting when each unpaid contribution was due to the date of this Opinion is $908,223.93.

Third, the Report correctly recommends awarding the trustees additional statutory damages in the amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages as provided for in the governing plan not to exceed twenty percent of the delinquent contributions.  29 U.S.C. § 1132(g)(2)(C).  As the Report correctly found, twenty

percent of the unpaid withdrawal liability is $526,319.00. The Report, however, erroneously recommends awarding the lesser amount of $526,319.00 in additional statutory damages. The unpaid interest -- here, $908,223.93 -- is greater than 20% of the withdrawal liability.[1] Therefore, the Trustees are entitled to an additional award of $908,223.93.

Fourth, the Report correctly recommends an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D). The Report correctly reduced the blended hourly rate to $450.00 to reflect the fact that most of the hours billed in this case were billed by the associate, not the partner. Therefore, the Report correctly recommended an award of attorneys' fees of $17,662.50 and of costs of $1,358.60. The Report, however, erroneously calculated the sum of these two awards. The total award of attorneys' fees and costs is $19,021.10, not the recommended amount of $18,981.10.

## Conclusion

The Report is adopted with the modifications described above. The Clerk of Court shall enter judgment against the defendant in the amount of $4,467,063.96, which consists of:

- $2,631,595 in withdrawal liability;

---

[1] The unpaid interest identified in the Report that had accrued through May 31, 2022 -- $552,634.95 -- is also greater than 20% of the withdrawal liability.

5

- $908,223.93 in interest;
- $908,223.93 in additional statutory damages; and
- $19,021.10 in attorneys' fees and costs.

The Clerk of Court shall close the case. The parties' failure to file written objections precludes appellate review of this decision, except for the revised calculations included herein. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Dated:   New York, New York
         March 2, 2023

```
                              _____
                                   DENISE COTE
                              United States District Judge
```